UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEBBIE ALICE THOMPSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JPMORGAN CHASE BANK, N.A., et al.,<br><br>　　　　Defendants. | Case No. 16-cv-06134-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Re: ECF 10] |

　　　　Plaintiff Debbie Alice Thompson ("Thompson") brings this suit against JP Morgan Chase Bank, N.A. and U.S. Bank, N.A. ("Defendants") for injunctive relief against mistaken and erroneous foreclosure. Ex. A to Notice of Removal ¶ 6 ("Compl."), ECF 1-1. Before the Court is Defendants' motion to dismiss the complaint. After reviewing the parties' briefing and holding a hearing on January 26, 2017, the Court GRANTS the motion to dismiss.

**I.　BACKGROUND**

　　　　Based on Defendants' evidence, which the Court judicially notices and Thompson's allegations and exhibits to her complaint, the following facts and allegations are provided as background.

　　　　In this case, Thompson has alleged a single claim for "Injunctive Relief, Damages and Other Relief." Compl. Thompson claims that Defendants lack authority to institute foreclosure proceedings against her property. *See generally* Compl.; *id.* ¶¶ 6 et seq. In her opposition, Thompson clarifies that this is an action for wrongful foreclosure. Opp'n 3, ECF 18. Certain events leading up to this suit are as follows.

　　　　On June 14, 2006, Thompson obtained a loan in the amount of $1,770,000 from Washington Mutual Bank, FA ("WaMu"), secured by a Deed of Trust (the "DOT") on real

property located at 18285 Constitution Avenue, Monte Sereno, CA 95030. DOT and Adjustment Rate Note (the "Note"), Exs. 1 and 12 to Compl. The DOT names Thompson as the borrower, WaMu as the lender, and California Reconveyance Company as the trustee. DOT, Ex. 1 to Compl. Paragraph 22 of the DOT provides that the Lender retains the right to invoke the power of sale and to direct the trustee to initiate foreclosure in the event of default. *Id.* ¶ 22. DOT also states that the Note could be sold one or more times without prior notice to Thompson. *Id.* ¶ 20.

In 2006, WaMu sold a group of mortgages to a securitized trust, the WaMu Mortgage Pass-Through Certificates Series 2006-AR9 (the "Trust") but Thompson disputes whether her loan was included in the Trust. Compl. ¶¶ 3-4; Opp'n 10; RJN, Ex. B ("Trust's Pooling and Service Agreement ("PSA"); RJN, Ex. C (Mortgage Loan Schedule of loans sold to Trust). Pursuant to the PSA, WaMu retains the right to service the loans and foreclose on mortgaged properties. PSA §§ 3.01, 3.09. PSA also designated LaSalle Bank, N.A. as the trustee. *Id.* at 1.

When the financial crisis unfolded in 2008, WaMu was taken into receivership by the Federal Deposit Insurance Corporation. RJN, Ex. A ("P&A Agreement"). With certain exceptions, JP Morgan Chase Bank, N.A. ("Chase") purchased all of WaMu assets, including all the mortgage servicing rights. *Id.* § 3.1.

In January 2010, Thompson defaulted on her loan. Compl. ¶ 24. A notice of Trustee's sale was scheduled on June 3, 2015 and the notice states that the amount of unpaid balance and other charges amounted to $2,322,685,05. RJN, Ex. F. However, Thompson does not allege that her property has been foreclosed and still resides at the property. Compl. ¶ 2.

Between Thompson's default in January 2010 and the June 2015 scheduled foreclosure sale, the DOT underwent several assignments. According to Thompson, the assignments demonstrate that Defendants have no right to initiate a foreclosure proceeding on her property as the assignments were erroneous or made by entities without authority to make such assignments. Compl. ¶¶ 9-11. Thompson also alleges that the assignments are invalid because they constitute fraud or illegal conduct, citing to articles discussing bad bank practices. *Id.* ¶¶ 17-28.

Specifically, Thompson alleges that the assignment of DOT made on November 29, 2010 from Chase to Bank of America was invalid. Ex. 3 to Compl.; Compl. ¶ 11. According to

Thompson, this assignment was signed by Colleen Irby, who had no authority to make the assignment as an employee of the California Reconveyance Company, the trustee named on the DOT at the time. Compl. ¶¶ 9-11. In an attempt to correct the erroneous naming of Bank of America as the trustee, Chase filed a corrective assignment of the DOT, assigning the DOT back to itself on June 28, 2016. Ex. 4 to Compl. According to Thompson, this assignment is meaningless as Chase was assigning the DOT to itself and is further an admission that the previous assignments were erroneous. Compl. ¶ 16. On the same day, Chase also assigned the DOT to U.S. Bank, N.A., as the trustee. Ex. 5 to Compl.

## II.   LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.   DISCUSSION

Before turning to the merits of the parties' arguments, the Court addresses Defendants' request for judicial notice.

### A.   Judicial Notice

Defendants have requested judicial notice of six documents, attached to the request as

3

Exhibits A through F: (A) Purchase and Assumption Agreement between Federal Deposit Insurance Corporation ("FDIC") and JPMorgan Chase Bank, N.A. ("Chase"); (B) Excerpts from the Pooling and Servicing Agreement ("PSA") for WaMu Mortgage Pass-Through Certificates Series 2006-AR9; (C) Excerpts from the Mortgage Loan Schedule included as part of the Prospectus for WaMu Mortgage Pass-Through Certificates Series 2006-AR9; (D) Limited Power of Attorney from U.S. Bank, N.A., as Trustee for WaMu Mortgage Pass-Through Certificates Series 2006-AR9 Trust; (E) Substitution of Trustee executed by Chase appointing Quality Loan Service Corporation; and (F) Notice of Trustee's Sale.  RJN, ECF 11.

Judicial notice is appropriate with respect to Exhibits A, B, and C because they are printouts from a government website. *See Cachil Dehe Band of Wintun Indians of the Colusa Indian Comm'ty v. Cal.*, 547 F.3d 962, 969 n.4 (9th Cir. 2008) (taking judicial notice of information located on California Gambling Control Commission website).  Judicial notice is also appropriate with respect to Exhibits D, E, and F because they are documents publicly filed with the Middlesex County, Middlesex North Registry of Deeds, and with the Santa Clara County Recorder. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of matters of public record).

Thompson makes a number of objections to Exhibits B, C, and D.  Thompson first objects to Exhibits B and C as irrelevant because they do not concern her loan.  *E.g.*, Opp'n 10, ECF 18.  However, Thompson alleges in the Complaint that U.S. Bank, N.A. as trustee for WaMu Mortgage Pass-Through Certificates Series 2006-AR9 Trust (the "Trust") wrongly enforced a contract against her property.  Compl. ¶ 6.  Other allegations relating to the assignments of deed of trust also concern the Trust.  *Id.* ¶¶ 8-13.  As such, the Court overrules this objection to the relevance of the documents as they concern ownership and rights of the Trust and the loans backing the trust may also be relevant to the case here.

Thompson further objects to Exhibits B and C because they do not show her loan as included in the assets backing the Trust.  According to Thompson, the excerpt provided by Defendants only shows a loan with an origination date of June 21, 2006, which is a different date from when she signed the deed of trust on June 14, 2006.  Opp'n 10-11.  However, based on

exhibits attached by Thompson to her complaint, her loan number is *****7122, which corresponds to the loan number included in the excerpt of the Mortgage Loan Schedule.  Ex. 3 to Compl. ("Assignment to Bank of Am."); RJN, Ex. C.  Not only is loan number ****7122 included in the Mortgage Loan Schedule Based on the Trust's prospectus downloaded from the Security Exchange Commission, this loan also pertained to a property in Monte Sereno, with a principal balance of 1,770,000, and an origination date of June 21, 2006.[1]   All the information is thus the same as reflected in the terms of Thompson's loan, numbered ****7122, confirmed by the exhibits Thompson provided to the Court in support of her allegations in the complaint.  Exs. 1 and 12 to Compl.  Although the loan origination date is a few days after the date Thompson signed the deed of trust, Thompson provides no reason why this loan is not the loan she obtained.  Regardless, because this fact is disputed, the Court does not take judicial notice that the loan shown in the excerpt provided by Defendants was indeed Thompson's loan but only that such loan exists in the Loan Schedule backing the Trust.

       Thompson further objects to Exhibit D, arguing that the people who signed the document had no authority to sign the document.  Opp'n 11.  The Court does not take judicial notice of the disputed facts contained therein and makes no determination as to whether the signatories had authority to sign the document.  Rather, the Court takes judicial notice of the existence of this document recorded in Middlesex North Registry of Deeds.  *E.g.*, *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (permitting a court to take judicial notice of another court's opinion, but not the truth of the facts recited therein).

       **A.**    **This Preemptive Suit Fails as a Matter of Law**

       Regardless of the cause of action Thompson is attempting to assert in the complaint, the complaint fails as a matter of law because a preemptive suit to enjoin a foreclosure, such as the one here, is not permitted.  California courts generally do not permit preemptive suits to determine the authority of entities initiating a non-judicial foreclosure because they "would result in the

---

[1] Mortgage Loan Schedule for Trust, https://www.sec.gov/Archives/edgar/data/1317069/000127727706000563/fwploantapewamu2006_ar9.htm

impermissible interjection of the courts into a nonjudicial scheme enacted by the California Legislature." *Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808, 814 (2016); *Lucioni v. Bank of Am., N.A.*, 3 Cal. App. 5th 150, 161 (2016) (holding that preemptive injunctive relief is generally not available and that only post-foreclosure relief is available).

        The plaintiff in *Lucioni* filed an action for injunctive relief from a foreclosure, alleging that the "foreclosing lenders, lacked the authority to foreclose on the property because they were not properly assigned an interest in the deed of trust." *Id.* at 156-58 (citing Cal. Civ. Code § 2924(a)(6)). The court first held that "[a] private right of action to enjoin a nonjudicial trustee's sale is restricted to situations where a lender violates any one of nine statutory provisions," most of which relate to a lender's duty to notify before recording a notice of default. *Id.* at 158. Then the court set forth section 2924(a)(6), which provides

> No entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest. No agent of the holder of the beneficial interest under the mortgage or deed of trust, original trustee or substituted trustee under the deed of trust may record a notice of default or otherwise commence the foreclosure process except when acting within the scope of authority designated by the holder of the beneficial interest.

Cal. Civ. Code § 2924(a)(6). The court first noted that the California legislature did not provide for injunctive relief for a violation of section 2924(a)(6). *Id.* It then concluded that this statute does not impose a preforeclosure duty on foreclosing entities to demonstrate that they have a right to foreclose. *Id.*

        Here, although Thompson does not invoke California Civil Code section 2924(a)(6) in her complaint, *Lucioni* is on point. Thompson still resides at 18285 Constitution Ave., Monte Sereno, California, the real property whose title is referenced in the DOT in this case. Compl. ¶ 2. A foreclosure thus has not occurred and Thompson is attempting to set aside a foreclosure by filing a preemptive suit. Such a preemptive suit is not permitted under California law, with a few exceptions pertaining to notice procedures. Thompson's complaint, however, does not concern notice procedures but rather is based on allegedly erroneous assignment of the DOT, which

6

mirrors the allegations of the plaintiff in *Lucioni* and squarely falls within the scope of California Civil Code section 2924(a)(6). Accordingly, Thompson's request for injunctive relief fails as a matter of law on this basis.

### B. Declaratory Relief Claim

Thompson's claim for injunctive relief also fails on a separate ground in that it is not a cause of action. In support of her declaratory relief claim, the only cause of action in the complaint, Thompson alleges that U.S. Bank N.A. erroneously enforces a contract against her property. Compl. ¶ 6. In the motion to dismiss, Defendants argue that the claim for injunctive relief is not a cause of action as a matter of law. Mot. 9, ECF 10. Thompson nevertheless requests an opportunity to restate her claims "to make her claims clear." Opp'n 3.

"Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted." *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1167 (N.D. Cal. 2013) (citations omitted). Thompson reiterates throughout the complaint and her opposition that the foreclosure was "mistaken and erroneous." *E.g.*, Compl. ¶ 6. The Court thus will make reasonable allowances for Thompson as she is pro se and will liberally construe her pleadings as an attempt to support a wrongful foreclosure cause of action. *McCabe v. Arave*, 827 F.2d 634, 640 n.6 (9th Cir. 1987). While the asserted injunctive relief cause of action is an improper cause of action, the Court will analyze below the allegations in the complaint, as well as Thompson's arguments in opposition, as if they were in support of a wrongful foreclosure cause of action.

### C. Wrongful Foreclosure

Setting aside the prohibition against preemptive suits, Thompson's claims still fail when construed as a wrongful foreclosure cause of action. "[T]he elements of an equitable cause of action to set aside a foreclosure sale are: (1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from

tendering." *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 104 (2011).

### i. Chase's Enforcement of the DOT was not Illegal or Fraudulent.

Defendants argue that the entire complaint fails because Chase possesses the right to foreclose on Thompson's property as the lawful successor-in-interest of WaMu's assets. Mot. 6. Specifically, Defendants contend that the P&A Agreement provides Chase all the servicing rights to enforce the security interest, including the Note and the DOT. *Id.* at 6-7 (citing *Marques v. JP Morgan Chase Bank*, No. 14-615, 2014 U.S. Dist. LEXIS 143596, at *17 (C.D. Cal. Oct. 7, 2014).

Thompson makes several arguments in support of her contention that the foreclosure against her property was "mistaken and erroneous." *E.g.*, Compl. ¶ 6. First, Thompson argues that Defendants have no right to enforce the DOT. While Thompson does not dispute that Chase acquired WaMu's assets, Thompson insists that Chase does not hold an interest in her loan. *Id.* ¶ 8; Opp'n 3. One reason proffered by Thompson is that WaMu sold her loan to a trust before Chase acquired the assets. Opp'n 4, 12.

The Court finds that Defendants obtained the right to enforce the DOT when Chase acquired WaMu's assets and directed U.S. Bank, N.A. to act as a trustee.[2] It is not disputed that WaMu was the initial lender of Thompson's loan, WaMu was taken into receivership by the FDIC, and Chase acquired WaMu's assets in 2008. The P&A Agreement provides that Chase "hereby purchases . . . all right, title, and interest of the Receiver in and to all of the assets." P&A Agreement 9, § 3.1. As such, even assuming that Thompson's Note was not sold to the Trust, Chase would have obtained the Note pursuant to the P&A Agreement. *E.g.*, *Shkolnikov v. JPMorgan Chase Bank*, No. 12-03996-JCS, 2012 WL 6553988, at *14 (N.D. Cal. Dec. 14, 2012) (assuming that the plaintiff's loan was not part of the trust and finding that the P&A Agreement gave Chase, the assuming bank, title to the loan itself, and not just the right to service). Numerous

---

[2] Cal. Civ. Code § 2924b(b)(4) ("A 'person authorized to record the notice of default or the notice of sale' shall include an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee."). As such, even though U.S. Bank, N.A. is not the holder of right to service the loan, it does not mean that its foreclosure on the property is improper as long as it is authorized by Chase. Ex. 5 to Compl.

courts have recognized that the FDIC could validly transfer to Chase "all right, title, and interest of the Receiver in and to all of the assets" of WAMU pursuant to a P&A Agreement, such as the one here. *See, e.g.*, *Lomely v. JP Morgan Chase Bank, Nat. Ass'n*, No. 12-01194-EJD, 2012 WL 4123403, at *4 (N.D. Cal. Sept. 17, 2012); *Eng v. Dimon*, No. 11-3173-MMC, 2012 WL 3659600, at *2 (N.D. Cal. Aug. 24, 2012); *Marques*, 2014 U.S. Dist. LEXIS 143596, at *17 (citing cases).

As to Thompson's contention that the Chase cannot own her Note because it was sold to the Trust prior to Chase's acquisition of WaMu's assets, this contention is without merit. Assuming that WaMu sold Thompson's Note to the Trust, WaMu retained the right to service the loan, including the right to foreclose on the property. PSA, 100, 108, §§ 3.01, 3.09. As such, the right to service the loan remained with WaMu, until Chase purchased this right from the FDIC pursuant to the P&A Agreement.

### ii. California Law Does Not Require That an Assignment of a Deed of Trust be Recorded.

Defendants further claim that the DOT assignments are irrelevant to the case here at least because Thompson still owes a debt under her note and was not injured by the allegedly improper assignment. Mot. 7-8. Moreover, according to Defendants, the DOT follows the promissory note under California law, and the PSA provides that Thompson's Note indorsed in blank is part of the mortgages. *Id.* at 8-9. As such, Defendants conclude that regardless of the DOT assignments, Chase is the rightful owner to foreclose on Thompson's property. *Id.* at 9.

Thompson counters that the DOT was assigned to Bank of America and not to Defendant U.S. Bank, N.A. Compl. ¶ 9; Opp'n 8. Moreover, Thompson alleges that the assignment executed by Colleen Irby was fraudulent as Collee Irby had no authority to make that assignment. Compl. ¶¶ 10-11; Opp'n 3-4, 12. According to Thompson, any other assignments made by Chase are also meaningless and further prove that the prior assignments were invalid. Opp'n 5.

The allegedly erroneous assignments of the deeds of trust do not affect Chase's right to service the loan, including the right to foreclose. As a preliminary matter, Chase was not even obligated to record an assignment of DOT in this case. Mot. 3 n.3, 7. California Civil Code section 2932.5 provides that "[t]he power of sale may be exercised by the assignee if the

assignment is duly acknowledged and recorded." However, California courts have held that section 2932.5 does not apply to deeds of trust, in which the power of sale is granted to a third party, the trustee. *E.g.*, *Calvo v. HSBC Bank USA, N.A.*, 199 Cal. App. 4th 118, 123 (2011); *Roque v. Suntrust Mortg., Inc.*, No. 09-00040-RMW, 2010 WL 546896, at *3 (N.D. Cal. Feb. 10, 2010) (holding that "Section 2932.5 applies . . . only to mortgages that give a power of sale to the creditor, not to deeds of trust which grant a power of sale to the trustee"); *Marques*, 2014 U.S. Dist. LEXIS 143596, at *18 (citing cases).

Rather, assignments of the DOT may be recorded in order to serve as constructive notice to the public. Cal. Civ. Code § 2934 ("Any assignment of a mortgage and any assignment of the beneficial interest under a deed of trust may be recorded, and from the time the same is filed for record operates as constructive notice of the contents thereof to all persons"). Although Chase had recorded several assignments, one of which was erroneously assigned to Bank of America and signed by Colleen Irby, who allegedly had no authority according to Thompson, this erroneous assignment does not affect Chase's right to foreclose on the property. As noted above, "[a] deed of trust need not be recorded to perfect an assignee's interest, but rather will operate as constructive notice of the assignee's interest from the time of recordation." *Wyman v. First Am. Title Ins. Co.*, No. 16-07079-WHA, 2017 WL 512869, at *4 (N.D. Cal. Feb. 8, 2017); Cal. Civ. Code §§ 2932.5, 2934.

Another reason an assignment is not necessary is that under California law, the ownership of a debt secured by a mortgage carries with it the security, which is the DOT in this case. As discussed above, Chase has already obtained the rights to service Thompson's loan pursuant to the P&A Agreement and the right to enforce the debt automatically carries with it the right to enforce the DOT. Like Thompson here, the plaintiffs in *Sohal v. Fed. Home Loan Mortg. Corp.* argued that the wrong entity foreclosed on their property. No. 11-01941-JSW, 2013 U.S. Dist. LEXIS 17024, at *8 (N.D. Cal. Feb. 6, 2013). It was also undisputed in *Sohal* that the interest in the promissory note was transferred to a second bank. *Id.* at *9. Even though no assignment was recorded, the Court found that an assignment was not necessary as the "deed of trust is 'a mere incident of the debt it secures and that an assignment of the debt carries with it the security' and 'is

10

1 inseparable from the debt.'" *Id.* at *10 (citing *Domarad v. Fisher & Burke, Inc.*, 270 Cal. App. 2d 543, 553 (1969)). *See also Marques*, 2014 U.S. Dist. LEXIS 143596, at *17 (finding that a failure to record an assignment did not affect JP Morgan's right to "enforce the note and, by operation of law, the deed of trust"); *Wyman*, 2017 WL 512869, at *5 (holding that "[a] mere mistake in recording is fixable and hardly voids an assignment).

Accordingly, Chase, despite the allegedly erroneous recording, remains the valid holder of the rights to enforce the DOT, and therefore, U.S. Bank, N.A., as the servicing agent, has the right to foreclose on the underlying property.

### iii. Whether Thompson was Prejudiced or Harmed; and Whether Thompson Tendered the Amount of the Secured Indebtedness or Was Excused from Tendering

Since the first element of the wrongful foreclosure cause of action is not met, the wrongful foreclosure cause of action cannot stand. Nevertheless, the Court also finds the other two elements deficient – prejudice or harm; and whether the amount of secured indebtedness was tendered or excused from tendering. The prejudice or harm element is met only if a plaintiff demonstrates "that the foreclosure would have been averted but for [the] alleged deficiencies." *Albano v. Cal-W. Reconveyance Corp.*, No. 12-4018-KAW, 2013 WL 772665, at *4 (N.D. Cal. Feb. 28, 2013) (citation omitted). Prejudice is not presumed from "mere irregularities" in the process. *Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1110 (E.D. Cal. 2014). First, foreclosure has yet to happen so there can be no prejudice or harm. *E.g.*, *Avila v. Wells Fargo Bank, Nat'l Ass'n*, No. 16-05904-WHA, 2016 WL 7425925, at *5 (N.D. Cal. Dec. 23, 2016). Second, Thompson admits that her loan has been in default since January 2010 so a foreclosure is expected to occur. Compl. ¶ 24; Opp'n 7. However, the complaint has pled no facts, and Thompson has offered none at the hearing, indicating that the foreclosure sale would be averted but for the alleged erroneous assignment of the DOT. As such, the complaint is deficient for not stating cognizable prejudice or harm in support of a wrongful foreclosure cause of action.

As to the last element, claims in support of a wrongful foreclosure generally cannot go forward unless the plaintiff has at least alleged a credible offer to tender indebtedness. *Reynoso v. Paul Fin., LLC*, No. 09-3225-SC, 2009 WL 3833298, at *5 (N.D. Cal. Nov. 16, 2009). Thompson

11

argues in her opposition that she had once attempted "to escrow a payoff in exchange for the note" but the complaint contains no allegation that Thompson is still making that offer to tender the indebtedness. Opp'n 1-2. Ordinarily, the Court would consider allowing leave to amend the complaint to allege facts set forth in Plaintiff's brief. But here, curing this deficiency alone will not save the case.

### D. Thompson's Other Arguments and Allegations

As to Thompson's demand to have her promissory note produced for examination, the Court finds no allegations and no potential cause of action in support of this relief. Opp'n 10. California is a non-judicial foreclosure state and does not require that the original note be produced in order for the foreclosure proceedings to be valid. *Lomely v. JP Morgan Chase Bank, Nat. Ass'n*, No. 5:12-CV-01194-EJD, 2012 WL 4123403, at *4 (N.D. Cal. Sept. 17, 2012).

Thompson also describes a litany of bad bank practices and summarizes a number of articles on mortgage fraud. Compl. ¶¶ 17-28; Ex. 9 to Compl. (Szymoniak Decl.). According to Thompson, certain loans were never properly assigned to a trust despite having been sold to the trust. *Id.* ¶ 19. Thompson then claims that banks would commit fraud by assigning the loans to the trust post-closing. *Id.* ¶¶ 28-29. However, it is unclear how these arguments and allegations could support a cause of action in this case. According to the complaint and the exhibits provided by Thompson, the incidents recounted by Thompson pertained to Long Beach Mortgage Loan Trust 2006-2, or GSAMP Trust 2006-HE3 Mortgage Pass-Through Certificates. Compl. ¶ 17; Szymoniak Decl. ¶ 8. The Court fails to see how these trusts are relevant to the present case. Moreover, the allegedly fraudulent practices recounted by Thompson concerned assignment of mortgages to a securitized trust, but the thrust of Thompson's argument pertains to assignment of her deed of trust. As such, not only are the trusts implicated in the allegedly bad bank practices irrelevant to this case, but assignment of mortgages to trusts is also inapposite to the issue of the assignment of Thompson's DOT.

### E. Leave to Amend

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the

12

1 Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2009). A district
2 court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1)
3 undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by
4 amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Eminence*
5 *Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party that carries
6 the greatest weight." *Id.* However a strong showing with respect to one of the other factors may
7 warrant denial of leave to amend. *Id.*

8 Three of the factors – undue delay, repeated failure to cure deficiencies by amendments
9 previously allowed, and undue prejudice to the opposing party – are not applicable to the present
10 case because an amendment to Thompson's initial complaint would come at an early procedural
11 stage.

12 As to the factor relating to bad faith or dilatory motive, Defendants claim that Thompson
13 has engaged in a series of filings in state, federal, and bankruptcy courts since September 2015, in
14 an attempt to stall foreclosure. Mot. 1. Defendants assert that Thompson had filed a state court
15 case against Chase in September 2015, only to dismiss it after Chase's demurrer was fully briefed.
16 *Id.* Within a week of dismissing the state court action, Defendants claim that Thompson then filed
17 the instant case with a theory of liability different from her prior state court complaint. *Id.*
18 Defendants further aver that Thompson filed a bankruptcy action in April 2016 to leverage an
19 automatic stay against a scheduled foreclosure sale, only to voluntarily dismiss her petition five
20 weeks later. *Id.* Moreover, it appears that Thompson's property was listed as an asset in two
21 unrelated bankruptcy proceedings by third-party debtors. *In re Richter*, No. 16-bk-12276 (C.D.
22 Cal. filed Aug. 8. 2016); *In re Ha*, No. 16-bk-52728 (N.D. Cal. filed Sept. 21, 2016); Freed Decl.,
23 ECF 10-1. Thompson argues that it was proper for her to seek protections of the law and that
24 Defendants' claims are hearsay and irrelevant. Opp'n 15-17. The Court is concerned that
25 Thompson's litigation conduct as claimed by Defendants evinces bad faith and dilatory motive.
26 However, because Thompson disputes these claims, the Court does not make a determination on
27 whether to grant leave to amend on this basis.

28 The Court, however, finds that the last factor – futility of the amendment – to be

13

dispositive. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). The Ninth Circuit has alternatively stated that the test of whether amendment would be futile is "identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Id.*; *see Utterkar v. Ebix, Inc.*, No. 14-02250-LHK, 2015 WL 5027986, at *8 (N.D. Cal. Aug. 25, 2015).

As discussed above, California law prohibits filing of a preemptive suit seeking relief from foreclosure, with a few exceptions pertaining to notice procedures. However, those exceptions do not apply to Thompson's case. Even if Thompson were to be permitted to file a preemptive suit, Thompson's allegations do not support a wrongful foreclosure cause of action. Thompson's theory relating to assignments of DOT is not sound and without a proper basis in statutes or case law. Although Thompson could amend the complaint to add allegations relating to her offer to tender the debt in support of the third element of a wrongful foreclosure cause of action, the Court finds no set of facts that could overcome the deficiency of the other two elements – fraudulent or illegal foreclosure and prejudice resulting from the alleged misconduct because no foreclosure has occurred. Thompson has also provided no other facts or alternative legal theories other than her theory of erroneous assignment of DOT. Since Thompson has given no indication of any factual or legal basis to render her claims viable, the Court DISMISSES the complaint with prejudice and without leave to amend.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the complaint is DISMISSED without leave to amend.

Dated: March 7, 2017

BETH LABSON FREEMAN
United States District Judge