1
2
3                    UNITED STATES DISTRICT COURT
4                  NORTHERN DISTRICT OF CALIFORNIA
5                        SAN JOSE DIVISION
6

7    DEBBIE ALICE THOMPSON,                Case No.  16-cv-06134-BLF
8                    Plaintiff,
9           v.                             **ORDER DENYING MOTION TO
                                           ALTER OR AMEND JUDGMENT**
10   JPMORGAN CHASE BANK, N.A., et al.,
11                   Defendants.
12

13          Plaintiff Debbie Thompson ("Thompson") brought this suit against Defendants for

14   "injunctive relief against mistaken and erroneous foreclosure."  Notice of Removal 12 et seq.

15   ("Compl."), ECF 1.  This case relates to a loan Thompson obtained in the amount of $1,770,000

16   from Washington Mutual Bank, FA ("WaMu"), secured by a Deed of Trust (the "DOT") on real

17   property located at 18285 Constitution Avenue, Monte Sereno, CA 95030.  DOT and Adjustment

18   Rate Note (the "Note"), Exs. 1 and 12 to Compl.  Defendants removed the case from Santa Clara

19   Superior Court to this Court and moved to dismiss the case.  On March 7, 2017, the Court granted

20   Defendants' motion to dismiss the complaint without leave to amend.  Order, ECF 37.  The parties

21   later stipulated to entering of judgment.  ECF 39.  Now before the Court is Thompson's motion to

22   alter or amend judgment pursuant to Fed. R. Civ. Proc. 59(e).  Mot., ECF 40.  For the reasons

23   stated below, the Court DENIES the motion.

24   **I.    LEGAL STANDARD**

25          A motion "under Rule 59(e) should not be granted, absent highly unusual circumstances,

26   unless the district court is presented with newly discovered evidence, committed clear error, or if

27   there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253,

28   1254 (9th Cir. 1999) (internal quotation and citation omitted).  The Ninth Circuit has identified

*United States District Court*
*Northern District of California*

1   "four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is

2   necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such

3   motion is necessary to present newly discovered or previously unavailable evidence; (3) if such

4   motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an

5   intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir.

6   2011). Moreover, "[a] motion for reconsideration 'may not be used to raise arguments or present

7   evidence for the first time when they could reasonably have been raised earlier in the litigation.'"

8   *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 880 (9th Cir.2009)

9   (quoting *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir.2000)).

10  **II.   DISCUSSION**

11         Thompson's basis for amending this Court's judgment rests on the grounds of (1) "newly

12  discovered or previously unavailable evidence;" and (2) "manifest errors of law or fact upon

13  which the judgment rests." *See* Mot. 6. The Court addresses each in turn below.

14         **A.   Newly Discovered or Previously Unavailable Evidence**

15         Thompson claims that the new evidence, in the form of "Declaration of Private

16  Investigator William J. Paatalo," justifies amending the judgment. Mot. 7 (citing to Paatalo Decl.,

17  ECF 40-2). Accordingly, Thompson "must make three showings": the evidence must be "newly

18  discovered," the movant must have exercised "due diligence" to discover the evidence, and the

19  evidence "must be of such magnitude that production of it earlier would have been likely to

20  change the disposition of the case." *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d

21  208, 211 (9th Cir. 1987).[1]

22         Here, Thompson contends that the "new evidence," the Paatalo Declaration, reveals that

23  "there is no evidence . . . that endorsement took place and that Defendant is the alleged bearer of

24  the instrument and holder of the rights to the note in this dispute." Mot. 8. The Paatalo

25  Declaration states that "[Paatalo] was retained by Debbie Thompson to review the chain of title

26  and alleged securitization of her Deed of Trust and Note." Paatalo Decl. ¶ 11. In the declaration,

27  ─────────────────

28  [1] The test is the same under either Rule 59 or Rule 60(b)(2). *Jones v. Aero/Chem Corp.*, 921 F.2d
    875, 878 (9th Cir. 1990).

United States District Court
Northern District of California

1    Paatalo opines that based on WaMu's filings with the Securities and Exchange Commission,

2    WaMu admitted "that no endorsements would be placed upon the notes it was selling, and no

3    assignments of mortgages would be prepared or recorded." *Id.* ¶ 13.  Pattalo further states that the

4    signature of "Cynthia A. Riley [on the Note] signifies forgery." *Id.*

5         The Court need not determine whether Thompson exercised due diligence because she fails

6    to meet the other two criteria of the test.  First, the Paatalo Declaration is not newly discovered.

7    Thompson does not dispute that the Paatalo Declaration was available prior to this Court's Order

8    granting Defendants' motion to dismiss.  ECF 23; *see* Mot. 7-8; *see also Blakeney v. Ascension*

9    *Servs., L.P.*, No. 15-05544-LHK, 2016 WL 6804603, at *4 (N.D. Cal. Nov. 17, 2016) (finding that

10   the evidence is not newly discovered because the plaintiff does not assert that the evidence was

11   unavailable prior to the Court's order granting the motion to dismiss or that the plaintiff was

12   unable to discover the evidence after exercising reasonable diligence).

13        Second, the Paatalo Declaration is not of "such magnitude that production of it earlier

14   would have been likely to change the disposition of the case."  *See Coastal Transfer*, 833 F.2d at

15   211.  Thompson fails to explain how the Paatalo Declaration is capable of altering any aspect of

16   the Court's Order.  The Paatalo Declaration does not challenge the Court's conclusion that this is

17   an unpermitted "preemptive suit to enjoin a foreclosure."  *See* Order at 5-7.  It does not render

18   Thompson's claim for injunctive relief a proper standalone cause of action.  *Id.* at 7.  It does not

19   overcome California state law governing non-judicial foreclosure, which does not require that the

20   original note be produced in order for the foreclosure proceedings to be valid.  *Lomely v. JP*

21   *Morgan Chase Bank, Nat. Ass'n*, No. 5:12-CV-01194-EJD, 2012 WL 4123403, at *4 (N.D. Cal.

22   Sept. 17, 2012).  And it does not implicate, let alone overcome, the deficiencies in Thompson's

23   purported wrongful foreclosure claim: the failure to allege (1) illegality in Defendants'

24   enforcement of Thompson's DOT, (2) Plaintiff's tender of her debt, or (3) prejudice to Thompson.

25   *Id.* at 8-12.  Accordingly, Thompson fails to demonstrate why the judgment should be amended on

26   the basis of the Paatalo Declaration.

27

28

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B.     Manifest Errors of Law or Fact**

Thompson also argues that the Court "has misapprehended the facts . . . or controlling law" in granting Defendants' motion to dismiss.  Mot. 12-30.  Thompson avers that the Court erred in construing her "mistaken and erroneous foreclosure" as a "wrongful foreclosure" cause of action.  Mot. 13, 14.  According to Thompson, the Court also erred by "assuming the ownership of the loan by the foreclosing party."  *Id.* at 14, 15.

As a preliminary matter, the Court noted in the Order that the complaint contains only a standalone injunctive relief claim, which is not a valid cause of action.  Thompson does not dispute that but only that her claims were based on "mistaken and erroneous foreclosure."  *Id.* at 14.  However, there is no recognized cause of action for "mistaken and erroneous foreclosure" as something distinct from the tort of "wrongful foreclosure."  Thompson identifies no authority for the independent existence of the "mistaken and erroneous foreclosure" cause of action, and fails to explain how it differs from "wrongful foreclosure."  Construing Thompson's complaint liberally, the Court provided additional analysis by treating the complaint as if it had attempted to allege wrongful foreclosure, even though it had not done so expressly.  Order 7-12.  Now in this motion to amend judgment, Thompson insists that the only actual cause of action alleged is one for the fictional "mistaken and erroneous foreclosure."  As such, the Court finds no manifest error of law or fact in dismissing the complaint containing only this so-called "mistaken and erroneous foreclosure" cause of action.

As to Thompson's claim that the Court did not address whether Defendants own the note, Mot. 16, the Court finds no manifest error of law or fact in this respect.  After reviewing the complaint and the judicially-noticed documents, the Court concluded "that Defendants obtained the right to enforce the DOT when Chase acquired WaMu's assets and directed U.S. Bank, N.A. to act as a trustee."  Order 8.  Thompson cites to 12 C.F.R. § 226.39, governing disclosures pursuant to the Truth in Lending Act, to contend that that "the trust has never lawfully received ownership of the loan or does not have it now," so the "servicing rights . . . are meaningless."  Mot. 16.  This argument fails to explain the relevance of 12 C.F.R. § 226 and the Truth in Lending Act to the

4

United States District Court
Northern District of California

1   present case.  Additionally, the argument merely contradicts the analysis and the conclusion set

2   forth in the Court's order but does not point to any "manifest error" made by the Court.

3       Thompson also reiterates the contention already made in her opposition that WaMu or JP

4   Morgan Chase Bank, N.A. ("Chase") provided no proof establishing possession of her Note, *id.* at

5   17-18, 19, and "nothing shows any property was transferred," *id.* at 21, 22.  Like the arguments

6   discussed above, Thompson has pointed to no manifest error of law or fact.  Based on the

7   complaint and the judicially-noticed documents, as well as the prevailing authorities cited in the

8   Court's Order, the Court finds that it has correctly concluded that Chase and its agents have the

9   right to enforce the DOT.  Thompson's reliance on various sections of the California Commercial

10  Code is unavailing.  *E.g.*, Mot. 18-19, 29.  These commercial code provisions do not apply to the

11  non-judicial foreclosure process, which is governed solely by § 2924 of the California Civil Code.

12  Although § 3301 of the California Commercial Code generally governs negotiable instruments,

13  courts have held that the commercial code generally (and § 3301 specifically) has no applicability

14  to non-judicial foreclosures under deeds of trust.  *See, e.g.*, *Russell v. Aurora Bank, FSB*, No.

15  13852, 2013 WL 12143924, at *5 (C.D. Cal. Sept. 9, 2013) (citing *Moeller v. Lien*, 25 Cal. App.

16  4th 822, 834 (1994)) ("The comprehensive statutory framework established [by the California

17  Civil Code] to govern nonjudicial foreclosure sales is intended to be exhaustive.").  The case

18  authorities interpreting California law relied upon by Thompson are also inapposite and do not

19  alter this Court's conclusion that Thompson's complaint states no viable cause of action.  Mot. 28,

20  30; *see, e.g.*, *Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919, 931 (2016) (addressing

21  whether a borrower has "standing to challenge an assignment of the note and deed of trust on the

22  basis of defects allegedly rendering the assignment void" but not addressing what makes the

23  assignment void or voidable); *Cal. Golf, L.L.C. v. Cooper*, 163 Cal. App. 4th 1053, 1071 (2008)

24  (applying commercial code to assess the validity and collectability of cashier's checks).

25      Thompson also attempts to distinguish her case from cases cited by the Court in its Order:

26  *Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808, 814 (2016); *Lucioni v. Bank of*

27  *Am., N.A.*, 3 Cal. App. 5th 150, 161 (2016).  Thompson first contends that this case "ceased to be a

28  'non-judicial foreclosure' the moment [Thompson] brought suit against Defendants . . . ."  Mot.

1    23.  However, Thompson provides no authority for this conclusory argument so the Court finds no

2    manifest error of law or fact in relying on *Saterbak* and *Lucioni* to conclude that Thompson's

3    preemptive suit is not permitted under California law.  Thompson further argues that unlike her,

4    the *Saterbak* plaintiff made no argument relating to the ownership of the Note and that the *Lucioni*

5    plaintiff asserted a cause of action for injunctive relief based on California Civil Code § 2924,

6    which she did not do.  Mot. 24-25.  However, Court's reliance on *Saterbak* and *Lucioni* in

7    dismissing the preemptive suit does not turn on these differences.

8            Because Thompson presents no "newly discovered" evidence and points to no errors of

9    law or fact made by this Court, the Court DENIES Thompson's motion to alter or amend

10   judgment.

11           **IT IS SO ORDERED.**

12

13   Dated: July 19, 2017

14                                                   _____

15                                                   BETH LABSON FREEMAN
                                                     United States District Judge