**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DEBBIE ALICE THOMPSON,<br>Plaintiff,<br>v.<br>JPMORGAN CHASE BANK, N.A., et al.,<br>Defendants. | Case No. 16-cv-06134-BLF<br><br>**ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION TO EXPUNGE NOTICE OF PENDENCY OF ACTION**<br><br>[Re: ECF 49] |

Before the Court is Defendants' Ex Parte Application to Expunge Notice of Pendency of Action ("Application"). Application, ECF 49. On October 30, 2018, the Court set a briefing schedule re Defendants' Application. *See* ECF 50. In accordance with that schedule, Plaintiff filed an opposition brief to Defendants' Application on November 13, 2018. *See* Opp'n, ECF 51. The Court finds Defendants' Application suitable for submission without oral argument. For the reasons stated below, Defendants' Application at ECF 49 is GRANTED.

**I.   BACKGROUND**

Plaintiff Debbie Thompson ("Thompson" or "Plaintiff") brought this suit against Defendants for "injunctive relief against mistaken and erroneous foreclosure." Compl. ¶¶ 5–6, ECF 1-1. This case relates to a loan Thompson obtained in the amount of $1,770,000 from Washington Mutual Bank, FA, secured by a Deed of Trust (the "DOT") on real property located at 18285 Constitution Avenue, Monte Sereno, CA 95030 ("the Subject Property"). DOT and Adjustment Rate Note (the "Note"), Exs. 1 and 12 to Compl. Defendants removed the case from the Superior Court of Santa Clara County to this Court and moved to dismiss the case. ECF 1; ECF 10. On March 7, 2017, the Court granted Defendants' motion to dismiss the complaint without leave to amend. ECF 37. The parties later stipulated to entering of judgment. ECF 39.

1         On April 28, 2017, Plaintiff filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). ECF 40. On July 19, 2017, the Court denied Plaintiff's motion to alter or amend judgment. ECF 44. On August 17, 2017, Plaintiff appealed the Court's order denying Plaintiff's motion to alter or amend judgment (ECF 44); the Court's entry of judgment (ECF 39); and the Court's order dismissing the complaint without leave to amend (ECF 37) to the Ninth Circuit. ECF 45. On January 25, 2018, the Ninth Circuit dismissed Plaintiff's appeal for failure to prosecute. ECF 48.

**II.     LEGAL STANDARD**

  **A.     Request for Judicial Notice**

The Court may take judicial notice of documents referenced in the complaint, as well as matters in the public record. *See Lee v. City of LA.*, 250 F.3d 668, 688–89 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002). Public records, including judgments and other court documents, are proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). However, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

Defendants request judicial notice of various filings and orders in proceedings involving the parties and documents recorded in the Santa Clara County Recorder's office. *See* ECF 49-2. Because these are court documents or public records properly subject to judicial notice, the Court hereby GRANTS Defendants' Request for Judicial Notice.

  **B.     Expungement of Notice of Pendency of Action (Expungement of Lis Pendens)**

"At any time after notice of pendency of action [lis pendens] has been recorded, any party, or any nonparty with an interest in the real property affected thereby, may apply to the court in which the action is pending to expunge the notice." Cal. Code Civ. Proc. § 405.30. In analyzing expungement of lis pendens proceedings, "the court shall order the notice expunged if the court finds that the pleading on which the notice is based does not contain a real property claim." Cal. Code Civ. Proc. § 405.31. The party claiming lis pendens bears the burden of proof "by a

2

1 preponderance of the evidence [to show] the probable validity of the real property claim." Cal.
Code Civ. Proc. § 405.32. "'Probable validity,' with respect to a real property claim, means that it is more likely than not that the claimant will obtain a judgment against the defendant on the claim." Cal. Code Civ. Proc. § 405.3. The California legislature has indicated that California's lis pendens legislation is meant to apply in federal court. *See* Cal. Code Civ. Proc. § 405.5 ("This title applies to an action pending in any United States District Court in the same manner that it applies to an action pending in the courts of this state.").

## III. DISCUSSION

Plaintiff's complaint was filed September 7, 2016. *See* Compl., ECF 1-1. On September 13, 2016, Plaintiff recorded a lis pendens on the Subject Property. *See* Ex. 1 to ECF 49-2. Defendants' Ex Parte Application to Expunge Notice of Pendency of Action asserts that because Plaintiff's case involving the Subject Property has been dismissed, "Plaintiff cannot satisfy her burden of proving that her alleged real property claim has 'probable validity' as required by [Cal. Code Civ. Proc. §] 403.32." Application at 2, ECF 49. Plaintiff does not appear to dispute[1] Defendants' assertion that she cannot show the "probable validity" of her alleged real property claim. *See generally* Opp'n, ECF 51.

In any event, the Court agrees with Defendants. Plaintiff bears the burden of proof, *see* Cal. Code Civ. Proc. § 405.32, and Plaintiff has not plausibly shown that "it is more likely than not that [Plaintiff] will obtain a judgment against [Defendants] on the claim," *see* Cal. Code Civ. Proc. § 405.3. In fact, this action pertaining to the Subject Property is concluded. Plaintiff's complaint at ECF 1-1 naming the Subject Property was dismissed by this Court with prejudice and judgment was entered against Plaintiff. *See* ECF 37; ECF 39. Plaintiff's motion to alter or amend the judgment was subsequently denied by this Court. *See* ECF 44. Finally, Plaintiff's appeal to the Ninth Circuit was dismissed for failure to prosecute. *See* ECF 48. Thus, this action "does not contain a real property claim" and therefore "the court shall order the notice expunged." *See* Cal.

---

[1] Plaintiff instead disputes that Defendants have "an interest" in the Subject Property under Cal. Code. Civ. Proc. § 405.30. This argument is without merit. *See* Order Granting Motion to Dismiss at 1–3, ECF 37 (discussing Defendants' interest in and relationship to the Subject Property).

Code Civ. Proc. § 405.30. Accordingly, the Court hereby GRANTS Defendants' Application at ECF 49.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Application at ECF 49 is GRANTED. The corresponding hearing set for April 25, 2019, is hereby VACATED.

**IT IS SO ORDERED.**

Dated: November 15, 2018

_____
BETH LABSON FREEMAN
United States District Judge